ROBERTS, Justice
(concurring specially) .
I concur under the facts in this particular case because in my opinion they are sufficient to support a general scheme or plan by the appellant and the broker to regularly charge usurious interest under the guise of commissions and discounts. Were it an. isolated transaction between the broker and the lender, my view would be entirely different. In routine financial transactions, and in the absence of a scheme or plan to violate the statutes, I do not believe when a mortgage is sold to a third person for a discount that such discount should be considered as interest in testing the transaction as to its usurious qualities, and the same thing is true as to a reasonable brokerage fee. The buying and selling of commercial paper at variations above or below par form a vital part of American commerce under our free enterprise system and is, of course, legitimate and ethical when done in due course of business. It is because the evidence in this case supports a studied plan, scheme, and contrivance among the persons here involved — namely, the appellant, the broker, and the persons who acted a9 “straw men” in the mortgage transactions — to regularly avoid the usury statutes *700 in numerous transactions that I have agreed to the opinion.
DREW, C. J., and THORNAL, J., concur.